DAN L. WULZ, ESQ.
Nevada Bar No.: 5557
SOPHIA A. MEDINA, ESQ.
Nevada Bar No.: 12446
**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**
725 E. Charleston Blvd.
Las Vegas, NV  89104
Telephone: (702) 386-1070 x 1453
Facsimile: (702) 386-1453
smedina@lacsn.org

MITCHELL D. GLINER
Nevada Bar No.: 003419
**LAW OFFICES OF MITCHELL D. GLINER**
3017 W. Charleston Blvd., #95
Las Vegas, Nevada 89102
Telephone: (702) 870-8700
Facsimile: (702) 870-0034
mgliner@glinerlaw.com

DANIEL A. EDELMAN
Illinois Bar No.: 0712094
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (Fax)
dedelman@edcombs.com
www.edcombs.com

*Attorneys for Class*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS EFRAIN LEONEL GARCIA, an individual, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOVEST, LLC, a foreign limited liability company;<br><br>Defendant. | Civil Action No. |

## CLASS ACTION COMPLAINT

### I.     INTRODUCTION

1.     This matter is brought as a class action for statutory damages filed by Plaintiff, CARLOS EFRAIN LEONEL GARCIA, an individual consumer, against Defendant AUTOVEST, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and state law abuse of process for suing on time barred debts. Plaintiff is also seeking declaratory and injunctive relief.

### II.     JURISDICTION

2.     This is a claim for statutory damages brought by Plaintiff, CARLOS EFRAIN LEONEL GARCIA, on behalf of himself and all similarly situated persons, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., which expressly prohibits a debt collector from engaging in abusive, deceptive, unconscionable and unfair debt

2

collection practices. Thus, jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, 28 U.S.C. §1337, and 28 U.S.C. § 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. Venue in this District is proper pursuant to 28 U.S.C. §1391b in that the Defendant transacts business here and the conduct complained of occurred in this District.

### III.   PARTIES

3.     Plaintiff, CARLOS EFRAIN LEONEL GARCIA, (hereinafter referred to as "Plaintiff") is a natural person who at all times relevant to this Complaint resided in the State of Nevada, County of Clark, City of Las Vegas, and is a "consumer" as defined in the Act at 15 U.S.C. § 1692a(3)[1] who may or may not have been obligated to pay a debt which was incurred primarily for household, family and personal purposes.

4.     Defendant, Autovest, LLC., (hereinafter "Autovest" or "Defendant") is an unregistered, unlicensed, foreign corporation incorporated under the laws of the state of Michigan which is a distressed debt buyer, specializing in the purchase of delinquent and defaulted consumer obligations or accounts obtained from an original creditor bought at a large discount, and which attempts to collect the entire balance due from the consumer and, therefore, is a "debt collector", as defined in the Act at 15 U.S.C. §1692a(6)[2].

5.     Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another as defined in the Act at 15 U.S.C. §1692a.(6).

---

[1] The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.
[2] The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3

6. Defendant regularly engages in and transacts business in the state of Nevada through the use of the United States mails, telephone, trial courts of the state or other instrumentalities of interstate commerce and is subject to the jurisdiction of this Court.

### IV.    GENERAL FACTUAL ALLEGATIONS

**A.    Plaintiff Carlos Efrain Leonel Garcia.**

7. On or around July 21, 2006, Mr. Garcia went to Bill Heard Chevrolet to purchase a vehicle.

8. Mr. Garcia executed a Retail Installment Sales Contract ("RISC") with Bill Heard Chevrolet for the purchase of a new 2006 Chevrolet Impala, VIN# 2G1WB58K569424451 (hereinafter "the subject vehicle") on credit for personal use. *See* RISC dated August 1, 2006 attached hereto as **EXHIBIT 1.**

9. Mr. Garcia paid a down payment of $6,000 and financed the remaining $21,257.84, for the total purchase price of $40,246.08. Mr. Garcia was to make payments of $475.64, monthly beginning September 4, 2006. *See* Ex. No. 1.

10. On August 21, 2006, the RISC was assigned to Wells Fargo Auto Finance, Inc.. *See* August 21, 2006 Wells Fargo Auto Finance letter attached hereto as **EXHIBIT 2**.

11. In 2009, Mr. Garcia lost his job and was unable to continue making his payments.

12. On August 31, 2009, Wells Fargo Bank[3] sent Mr. Garcia a letter letting him know he was in default, and needed to pay the full amount due or "Wells Fargo may accelerate your credit obligation and exercise its rights and remedies against you as permitted under applicable

---

[3] It is unclear if the RISC was assigned to Wells Fargo Bank, N.A. by Wells Fargo Auto Finance, Inc. prior to the default.

law. These rights include the right to repossess any property held as collateral for this obligation[.]" *See* August 31, 2009 Wells Fargo letter attached hereto as **EXHIBIT 3**.

13. Sometime in September or October 2009, Wells Fargo did exercise its right to repossess the property and accelerate the RISC when it repossessed the subject vehicle.

14. Mr. Garcia then received two letters notifying him that his car would be sold, one dated October 28, 2009, and the other dated November 12, 2009. *See* Notice of Intended Disposition letters dated October 28, 2009 and November 12, 2009, attached hereto as **EXHIBIT 4.**

15. In December 2009, Mr. Garcia received another letter dated December 3, 2009 letting him know that his car had been sold at a private sale on December 1, 2009. *See* December 3, 2009 Deficiency letter attached hereto as **EXHIBIT 5**.

16. This sale invariably resulted in a deficiency between the amount obtained from that sale and the amount owed under the RISC.

17. Instead of bringing suit on these deficiencies, Wells Fargo sold these debts to Defendant Autovest among hundreds if not thousands of others on the open-market at a huge discount.

18. On March 21, 2015, 5 years and 110 days after the car was sold, and 5 years and six months after the contract was breached, the Defendant commenced a law suit in Las Vegas Justice Court to sue Mr. Garcia for the deficiency of $9,522.02 and contractual interest of $7,439.19 making the request for relief a total $16,961.21. *See* Summons and Complaint dated March 23, 2015 attached hereto as **EXHIBIT 6**.

19. This vehicle was sold under a Nevada Retail Installment Sales Contract, the form of which is required under NAC 97.050, NRS 97.299, and NRS 97.301 which specifically states

5

that the RISC is subject to the Uniform Commercial Code ("UCC"). For example on the front page in Section D it states "To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral. . .," and on the back page which lists the terms and conditions it states "[o]n any default, we will have all the remedies of a secured party under the Uniform Commercial Code". *See* blank RISC attached hereto as **EXHIBIT 7**.

20. Automobiles are goods as defined by UCC Article 2 codified in NRS § 104.2105.

21. UCC § 2-725 codified as NRS § 104.2725 provides that "[a]n action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued", and thus the statute of limitation for a deficiency claim under the UCC is 4 years.

## V.  CLASS ACTION ALLEGATIONS

22. Mr. Garcia brings this action individually and on behalf of all others similarly situated pursuant to FRCP 23(a) and FRCP 23(b)(2), or (b)(3), and that Class consists of: all persons sued in Nevada within the one year preceding the date of filing of this Complaint by Defendant for an alleged deficiency arising after default on an automobile retail installment sales contract more than four years after default who have not had a final judgment entered against them.

23. Numerosity. Membership in the Class is so numerous as to make joinder of all Class members impracticable. During the time period applicable to the Class, upon information and belief, there were several dozen (more than 45) lawsuits filed by Autovest which were time barred. The disposition of the Class' claims in a class action will obviate the need for repeated individual adjudications of the same issues.

24. Commonality. There are questions of law or fact common to all members of the Class that control this litigation and which predominate over any individual issues. The common questions of law or fact include, but are not limited to, the following: (a) whether the statute of

limitations for a claim for an alleged deficiency arising after default on a automobile retail installment sales contract is four years pursuant to NRS 104.2725; and (b) whether filing suit on a time-barred debt violates 15 U.S.C. § 1692a et seq., including but not limited to §1692e.

25. Typicality. The claims of the Plaintiff are typical of the claims of the Class in that each seeks the same remedies and relief upon the same legal theories and operable facts, and the Plaintiff has no interest adverse to the interests of the other members of the Class.

26. Adequacy of Representation. The Plaintiff and experienced Class Counsel will fairly and adequately protect the interests of the Class.

27. Superiority. A class action is superior to other methods for the fair and efficient adjudication of this controversy because, *inter alia*: (a) Autovest has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, and making the case suitable for certification under FRCP 23(b)(2); (b) the complexity of the issues involved, the size of the individual Class member's claims, and the limited resources of the Class members would clearly make it impracticable for all individual members of the Class to individually seek legal redress for the actions of Autovest, making a class action superior to other available methods for the fair and efficient adjudication of the controversy, and questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, making the case suitable for certification under NRCP 23(b)(3); (c) this action would facilitate an orderly and expeditious resolution of the Class' claims, and will foster economies of time, effort, and expense; (d) when the Court has adjudicated whether Autovest is liable, then the claims of all Class members may be determined by the Court; and (e) this action presents no difficulty that would impede its

maintenance by the Court as a class action and is the best available means by which the Plaintiff and all Class members may seek redress for the harm caused by Autovest.

## VI.  CLASS ACTION LEGAL THEORIES

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

**A.  Fair Debt Collection Practices Act**

29. The primary purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C.A. § 1692.

30. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), which defines a debt collector as, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

31. Defendant, without limiting the scope of any additional violations which may have been committed, violated the Fair Debt Collection Practices Act by engaging in the following unfair, deceptive, unconscionable and abusive debt collection practices expressly prohibited by the FDCPA:

   (a) by taking action that it could not legally take in connection with the collection of a debt in violation of 15 U.S.C, §1692e(5);

   (b) by falsely representing the character, amount or legal status of a debt or the compensation which may be recovered in connection with the collection of a debt in violation of 15 U.S.C. §1692e(2); and

   (c) by using a false, deceptive or misleading representation or means to collect a debt in violation of 15 U,S,C. §1692e and (e)(10).

32. By virtue of the applicable statute of limitations, Defendant Autovest was not entitled to a deficiency and, therefore, not entitled to sue the Mr. Garcia and Class members.

33. This is a class action under the provisions of Rule 23(a) and 23(b)(3), for statutory damages and other relief consistent and subordinate thereto, including costs and expenses of investigation and litigation and attorney fees.

**B.     Declaratory Relief under 28 U.S.C. § 2201**

34. Declaratory relief is a historical equitable remedy. In addition, the legislature has enacted 28 U.S.C. § 2201 et seq. Further, FRCP 23(b)(2) authorizes declaratory relief where the party opposing the Class has acted or refused to act on grounds generally applicable to the Class.

35. "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

36. The facts of this case state a justiciable controversy in which a claim of right is asserted against one who has an interest in contesting it.

37. This court has the power by law to declare the rights, status and other legal relations of the parties whether or not further relief is or could be claimed, and a declaration may be either affirmative or negative in form and effect, and such declarations have the force and effect of a final judgment or decree.

38. The class seeks all equitable declaratory relief and/or statutory declaratory relief and/or FRCP 23(b)(2) declaratory relief that arises from or is implied by the facts, whether or not specifically requested, including but not limited to: (a) a declaration of the rights of the Class with

respect to pending litigation where a final judgment has not been entered; (b) a declaration that the Class is entitled to injunctive relief; and (c) a declaration that the Class is entitled to attorney's fees and costs.

**C.      Abuse of Process**

39.     Defendant had an ulterior purpose in this matter other than resolving a legal dispute as any possible cause of action regarding the deficiency balance was stale and there was no longer any valid legal dispute.

40.     "An ulterior purpose is any improper motive underlying the issuance of legal process. . . It is not necessary to show malice or want of probable cause to recover for abuse of process." *In re Black*, 487 B.R. 202, 212 (Bankr. App. 9th Cir. 2013) (citing *Posadas v. City of Reno*, 109 Nev. 448, 851 P.2d 438, 445 (1993)).

41.     Defendant's willful act in use of process was not proper in the regular conduct of the proceeding as evidenced, *inter alia,* by the facts that: 1) Defendant is aware that Retail Installment Contracts are governed by Nevada's UCC which carries a four year statute of limitations yet still filed lawsuits on accounts over four years old; and 2) Defendant, knowing full well that these lawsuits are outside the applicable statute of limitations, has yet to dismiss these actions and cease collection actions.

42.     Therefore, Defendants abused the legal process to the detriment of the Class, entitling the Class to equitable relief including but not limited to the declaratory and injunctive relief set forth below.

43.     This is a class action under the provisions of Rule 23(a) and 23(b)(2), for injunctive relief requiring Defendant to cease the prosecution of the cases it has filed outside of the applicable statute of limitations and to stop the filing of future time barred lawsuits.

**D.    Injunctive Relief for state law Abuse of Process claim.**

44.    Injunctive relief is a historical equitable remedy. In addition, the State of Nevada has enacted NRS 33.010[4] *et seq.* In addition, FRCP 23(b)(2) authorizes injunctive relief where the party opposing the Class has acted or refused to act on grounds generally applicable to the Class.

45.    The Class does not have an adequate remedy at law.

46.    It appears from the facts alleged above herein that the Class is entitled to the relief demanded, and such relief or any part thereof consists in restraining the commission or continuance of the act(s) complained of, either for a limited period or perpetually, and accordingly the Class seeks all equitable injunctive relief that arises from or is implied by the facts, whether or not specifically requested, including an injunction (a) that Autovest immediately cease prosecution of and forthwith dismiss all cases filed against the Class where no final judgment has been entered; and (b) that Autovest cease from suing on debts arising from auto deficiencies that are outside the four year statute of limitations set forth in NRS 104.2725.

## VII.    JURY TRIAL DEMAND

47.    Mr. Garcia demands a trial by jury as to all issues triable to a jury.

---

[4] "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First P. Networks, Inc.*, 219 F.3d 1052, 1055 n. 2 (9th Cir. 2000). Generally, "In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law . . . should be followed. *See Alyeska Pipeline Serv. Co. v. Wilderness Socy.*, 421 U.S. 240, 260 n. 31 (1975). Furthermore, the ninth circuit has held in case where a California statute precluded injunctive relief, that the state statute is substantive and controls. *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 646-47 (9th Cir. 1988). In *Sims*, the court citing Erie held that since the California anti-injunction statute expressly prohibited the issuance of injunctions in the type of contract dispute before the court it did not directly conflict with FRCP 65 because, rule 65 "merely sets out the procedural requirements for injunctions and restraining orders." Thus, since Federal Rule of Civil Procedure 65 addresses only the procedural aspects of injunctive relief, state law controls whether injunctive relief is appropriate. See *IRIS Mgt. Group, LLC v. Malan*, 329 Fed. Appx. 112, 113 (9th Cir. 2009)(unpublished)(citing *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 646-47). In *IRIS* the ninth circuit specifically applied NRS 33.010 in determining whether the district court properly granted injunctive relief. *Id*.

11

## VIII. PRAYER FOR RELIEF

WHEREFORE, Mr. Garcia, individually and on behalf of all persons similarly situated, pray for judgment against Defendant on the aforesaid causes of action, for:

1. An Order under FRCP 23 that Autovest immediately cease any and all form of communication with the Class to preserve the remedies available to the Class, the integrity of the Class, and to protect the Class from undue influence of Autovest;

2. All equitable declaratory relief and/or statutory declaratory relief and/or FRCP 23(b)(2) declaratory relief that arises from or is implied by the facts, whether or not specifically requested, including but not limited to: (a) a declaration of the rights of the Class with respect to pending litigation where a final judgment has not been entered; (b) a declaration that the Class is entitled to injunctive relief; and (c) a declaration that the Class is entitled to attorney's fees and costs.

3. All equitable injunctive relief that arises from or is implied by the facts, whether or not specifically requested, including an injunction (a) that Autovest immediately cease prosecution of and forthwith dismiss all cases filed against the Class where no final judgment has been entered; and (b) that Autovest cease from suing on debts arising from auto deficiencies that are outside the four year statute of limitations set forth in NRS 104.2725.

4. statutory damages of $500,000 or 1% of the net worth of defendant; whichever is less;

5. statutory damages pursuant to 15 U.S.C. § 1692k;

6. costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

7. for a trial by jury on all appropriate factual issues; and

8. for such other relief as the Court may deem just and proper.

DATED this ___ day of March, 2016.

**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.**

  /s/  Sophia A. Medina
DAN L. WULZ, ESQ.
Nevada Bar No.: 5557
SOPHIA A. MEDINA, ESQ.
Nevada Bar No.12446
725 E. Charleston Blvd.
Las Vegas, NV  89104
Telephone: (702) 386-1453
Facsimile: (702) 386-1453
smedina@lacsn.org

MITCHELL D. GLINER
Nevada Bar No.: 003419
**LAW OFFICES OF MITCHELL D. GLINER**
3017 W. Charleston Blvd., #95
Las Vegas, Nevada 89102
Telephone: (702) 870-8700
Facsimile: (702) 870-0034
mgliner@glinerlaw.com

DANIEL A. EDELMAN
Illinois Bar No.: 0712094
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, IL  60603
(312) 739-4200
(312) 419-0379 (Fax)
dedelman@edcombs.com
www.edcombs.com
*Attorneys for Class*

13