# EXHIBIT 1

**SIMPLE INTEREST VEHICLE CONTRACT AND SECURITY AGREEMENT**

**SECTION A**

| | |
|---|---|
| Buyer's Name(s): CARLOS EFRAIN LEONEL GARCIA | CREDITOR: BILL HEARD CHEVROLET |
| Name: | Address: 444 S DECATUR |
| Address: 7288 QUARTER HORSE LN | City: LAS VEGAS   County: NV |
| City: LAS VEGAS   County: CLARK | State: NV   Zip: 89107 |
| State: NV   Zip: 89146 | Phone: (702)-870-9444 |
| Bus. Phone: (702)432-9854   Res. Phone: (702)749-4079 | |
| Stock No. 164051 | Date 07/21/2006 |

**SECTION B**   DISCLOSURES MADE IN COMPLIANCE WITH FEDERAL TRUTH-IN-LENDING ACT

Your Payment Schedule will be: (e) means an estimate

| ANNUAL PERCENTAGE RATE | The cost of your credit as a yearly rate. | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|
| 16.95 % | | N/A | N/A | N/A |
| | | 71 | 475.64 | MONTHLY BEGINNING: 09/04/2006 |
| | | 1 | 475.64 | DUE ON: 08/04/2012 |

| FINANCE CHARGE | The dollar amount the credit will cost you | $ 12988.24 (e) |
|---|---|---|
| AMOUNT FINANCED | The amount of credit provided to you or on your behalf | $ 21257.84 |
| TOTAL OF PAYMENTS | The amount you will have paid after you have made all payments as scheduled | $ 34245.08 (e) |
| TOTAL SALE PRICE | The total cost of your purchase on credit, including your down payment of $ 6000.00 | $ 40245.08 (e) |

**SECTION D**   VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

This contract is made the 21ST day of JULY, (month), of 2006 (year), between you, the Buyer(s) shown above, and us, the Seller shown as Creditor above.

New or Used: NEW   Year and Make 2006 CHEVROLET

Model: IMPALA   Body Style: SD   No. Cyl: 6

If truck, ton capacity: N/A

Manufacturer's Serial Number: 2G1WB55K569424151

Use for which purchased: ☑ Personal   ☐ Business   ☐ Agriculture

**NOTICE OF RESCISSION RIGHTS**

Buyer's Signature X

**SECTION C**   ITEMIZATION OF AMOUNT FINANCED

| 1. Vehicle Selling Price | $ 24121.84 |
|---|---|
| Plus: Documentary Fees | $ 599.99 |
| Plus: Emission Inspection Fee | $ N/A |
| Plus: Other ( ) | $ N/A |
| Plus: Other ( ) | $ N/A |
| Total Selling Price | $ 24721.43 |
| 2. Total Sales Tax | $ 1908.16 |
| 3. Amounts Paid to Public Officials | |
| a. Titling Fee | $ 19.25 |
| b. Registration Fee | $ N/A |
| c. Other ( N/A ) | $ N/A |
| TOTAL OFFICIAL FEES (Add 3a through 3c) | $ 28.25 |
| 6. TOTAL DOWN PAYMENT AND NET TRADE-IN ALLOWANCE (Add 6 and 7) | $ 6000.00 |
| 9. UNPAID BALANCE OF CASH SALES PRICE | $ 20657.84 |
| 12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) | $ 21257.84 |

**SECTION E**   NOTICE TO BUYER

Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completely filled-in copy of this agreement. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.

AUG 0 1 2006

Buyer X   Date: 07/21/2006

Creditor: BILL HEARD CHEVROLET   Date:

ORIGINAL   ITEM 019

# EXHIBIT 2



Wells Fargo Auto Finance, Inc.
MAC F6582-030
2501 Seaport Drive, Suite BH300
Chester, Pennsylvania 19013-1510
610 595-5300

## CORRECTION NOTICE

August 21, 2006

CARLOS GARCIA
7288 QUARTER HORSE LN
LAS VEGAS, NV 89148

RE:   CONTRACT DATE: 7/21/2006          50237403214799001
      VEHICLE: 2006 CHEVROLET
      SERIAL #: 2G1WB58K569424451
      ACCOUNT #:  50237403214799001

Dear: CARLOS GARCIA

Welcome to Wells Fargo Auto Finance! While reviewing your retail installment contract ("Contract") we discovered that the Annual Percentage Rate ("APR") was overstated. This letter serves as your notice of correction, and informs you that your obligation has changed. The APR on your Contract has been lowered which has the corresponding effect of lowering your Finance Charge, monthly payments, and Total Payments as more fully described below.

New A.P.R. =  16.80%
New Monthly Payment = $ 473.78
New Finance Charge = $12,854.32
New Total of Payments = $34,112.16
New Total Sales Price = $40,112.16

Except as expressly modified by this letter, all other provisions of your Contract remain unchanged and in full force and effect.  Please keep a copy of this letter with your copy of your Contract.

We appreciate your business, and if you have any questions, please do not hesitate to call 1-800-559-3557, Monday through Friday between 7AM and 5PM PST, and Saturdays between 8AM and 4PM PST.
(TDD: Please use relay service).

Sincerely,


WELLS FARGO AUTO FINANCE (NV)

APR.DOC                        Wells Fargo Confidential                    08072006
REV. 10/03

# EXHIBIT 3



Wells Fargo
711 W. Broadway
Tempe, AZ 85282

296 1 MB 0.382    00000298    3    298         **2**                    Date of Notice: 08/31/2009
Carlos Garcia
65 Villa Rd Apt 1415
Greensville, SC 29615-3055

 Il.ll.llllll.lll.ll.lllll.llllll.l.ll.ll.ll.ll.ll

## NOTICE OF RIGHT TO CURE DEFAULT

                                    Creditor: Wells Fargo Bank
                                    (Please send payment to address below)

RE:     Your installment loan obligation owed to Wells Fargo with Account # 502-374-0321479-9001

You are late in making your payment(s).  If you pay the **Amount Now Due** (below) by the **Last Date for Payment**
(below) you may continue with the contract as though you were not late.  If you do not pay by this date, Wells Fargo
may exercise its rights under the law.

Your default consists of your failure to make the following payment(s):

        Scheduled payment(s) in the total amount of  $1,303.69

        Plus accumulated late charge(s) of  $120.00

        For a total **Amount Now Due** of  $1,423.69

        **Last Date for Payment:** 09/20/2009

Please send the Amount Now Due to:

                    **Wells Fargo Bank**
                    **Attn: Collections**
                    **711 W. Broadway**
                    **Tempe, AZ 85282**

If you do not correct your default by the **Last Date for Payment** (above), Wells Fargo may accelerate your credit
obligation and exercise its rights and remedies against you as permitted under applicable law.  These rights include
the right to repossess any property held as collateral for this obligation and the right, in many instances, to hold
you personally responsible for any difference between the amount the property brings in a sale and the balance due
Wells Fargo on the credit obligation in question.  If you default on this credit obligation again, Wells Fargo may
exercise its rights without sending you another notice like this one.

As you know, you previously signed a contract in which you agreed to make payments according to a specific
payment schedule.  This letter also serves as notice to you that Wells Fargo expects you to strictly comply with each
and every term of the contract.

If you have any questions, please call 1-800-288-0766 (TDD: please use relay service).

Sincerely,

LTR174
WFA005    60000298 / 00000310

# EXHIBIT 4

 *Wells Fargo*
*2501 Seaport Drive BH 300*
*Chester, PA  19013*

10/28/2009

**11 1 SP 0.440**    00001557    1    11                **1**
Carlos L Garcia
2550 White Horse Rd
Greensville, SC 29617

## WELLS FARGO
## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject: 502-374-0321479-9001

We have your 06 Chevrole Impala, Serial No. 2G1WB58K569424451 because you broke promises in our agreement.

We will sell your 06 Chevrole Impala, Serial No. 2G1WB58K569424451 at a private sale sometime after 11/09/2009.  A sale could include a lease or a license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  To learn the exact amount you must pay, call us at 866-262-9153 (TDD: Please use relay service) or write us at Wells Fargo,2501 Seaport Drive BH 300,Chester,PA,19013.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 866-262-9153 or write us at Wells Fargo,2501 Seaport Drive BH 300,Chester,PA,19013 and request a written explanation.

If you need more information about the sale, call us at 866-262-9153 or write us at Wells Fargo,2501 Seaport Drive BH 300,Chester,PA,19013.

We are sending this notice to the following other people who have an interest in the 06 Chevrole Impala, Serial No. 2G1WB58K569424451 or who owe money under your agreement: .

You can reclaim any personal property contained in the 06 Chevrole Impala, Serial No. 2G1WB58K569424451 at the time of repossession by calling our office and making an appointment to pick it up.  If you do not pick up such personal property within thirty (30) days from the date of this Notice, it will be considered unwanted and abandoned, and it will be disposed of without further notice.

Some states have laws which require us to inform you that this communication is an attempt to collect a debt and any information obtained will be used for that purpose.

LTR519
WFA005    00001557 / 00001564



**WELLS FARGO**
*Wells Fargo*
*2501 Seaport Drive BH 300*
*Chester, PA 19013*

314 1 MB 0.382    00000314    3    314    **1**                                      11/12/2009
Carlos L Garcia
65 Villa Rd Apt 1415
Greensville, SC 29615-3055

Iᴀᴅᴍᴅᴍᴅᴅᴍᴅᴅᴅᴅᴅᴅᴅᴅᴅᴅᴅᴅᴅᴅᴅᴅ

## WELLS FARGO
## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject: 502-374-0321479-9001

We have your 06 Chevrole Impala, Serial No. 2G1WB58K569424451 because you broke promises in our agreement.

We will sell your 06 Chevrole Impala, Serial No. 2G1WB58K569424451 at a private sale sometime after 11/24/2009. A sale could include a lease or a license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us at 866-262-9153 (TDD: Please use relay service) or write us at Wells Fargo, 2501 Seaport Drive BH 300, Chester, PA 19013.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at 866-262-9153 or write us at Wells Fargo, 2501 Seaport Drive BH 300, Chester, PA 19013 and request a written explanation.

If you need more information about the sale, call us at 866-262-9153 or write us at Wells Fargo, 2501 Seaport Drive BH 300, Chester, PA 19013.

We are sending this notice to the following other people who have an interest in the 06 Chevrole Impala, Serial No. 2G1WB58K569424451 or who owe money under your agreement: .

You can reclaim any personal property contained in the 06 Chevrole Impala, Serial No. 2G1WB58K569424451 at the time of repossession by calling our office and making an appointment to pick it up. If you do not pick up such personal property within thirty (30) days from the date of this Notice, it will be considered unwanted and abandoned, and it will be disposed of without further notice.

Some states have laws which require us to inform you that this communication is an attempt to collect a debt and any information obtained will be used for that purpose.

LTR519

# EXHIBIT 5

December 3, 2009

Carlos Garcia
65 Villa Rd
Greensville, SC 29615

RE: Sale of Repossessed Property:  06 CHEVROLE IMPALA
   VIN:  2G1WB58K569424451
   Account # 502-374-03214799001 at Wells Fargo Bank, N.A. of
   South Carolina("Wells Fargo")

Dear Carlos Garcia:

   Consistent with our previous notice to you, Wells Fargo has sold the repossessed property described above at a private sale on December 1, 2009.

   After applying the proceeds from the sale of this repossessed property to your account (described above) a Deficiency Balance Due remains owing, as shown in the following explanation as of the date of this letter:

| | | |
|---|---|---|
| A. | Aggregate Amount of Obligations Secured (includes current principal balance due, accrued interest, late fees and charges, less rebate of unearned interest or credit service charge, if any) | $16,142.07 |
| B. | Proceeds from Disposition/Sale | $6,800.00 |
| C. | Aggregate Obligations Secured After Applying Proceeds ("A" minus "B") | $9,342.07 |
| D. | Costs of Repossession, Storage, Preparation, Sale and Attorney's Fees/ Legal Expenses | $1,049.19 |
| E. | Credits Not Included in "A" | $1,116.20 |
| F. | Deficiency Balance Due ("C" plus "D" minus "E") | $9,275.06* |

   *Future debits, credits, charges, including additional credit service charges or interest, rebates, and expenses may affect the amount of the Balance Due.

Re: Account # 502-374-03214799001

   Please contact our office within ten (10) days to make satisfactory arrangements to pay this Deficiency Balance Due. If satisfactory arrangements are not made within that time, we may pursue legal action to recover this Deficiency Balance Due.

   Any payment, notice or inquiry should be directed to:

   Wells Fargo Auto Finance
   Asset Recovery Group
   1460 Northwest Vivion Road, Eastbrook Park
   Kansas City, MO 64118
   Telephone: 800-284-0692

   IF YOU HAVE RECEIVED A DISCHARGE OF THIS DEBT IN BANKRUPTCY OR ARE CURRENTLY IN A BANKRUPTCY CASE, THE PRECEDING NOTICE IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT. THIS COMPANY HAS A SECURITY INTEREST IN THE ABOVE DESCRIBED PROPERTY THAT CONTINUES EVEN AFTER THE BANKRUPTCY DISCHARGE. THIS NOTICE IS GIVEN ONLY FOR THE PURPOSE OF COMPLYING WITH THE REQUIREMENTS OF STATE LAW REGARDING REPOSSESSION OF COLLATERAL, AND SHOULD NOT BE CONSTRUED AS A DEMAND FOR PAYMENT.

   Some state laws require us to inform you that this communication is an attempt to collect a debt and that any information obtained will be used for that purpose.

## STATEMENT OF ACCOUNT

Debtor Name(s):                                    CARLOS EFRAIN LEONEL  GARCIA

Wells Fargo Bank, N.A.

Original Account Number:                           50237403214799001

| Date | Activity | Credit | Principal Balance |
|------|----------|--------|-------------------|
| 12/1/2009 | Sale of Collateral | $6,800.00 | $8,038.22 |
|  | Other Fees |  | $834.00 |
|  | Pre-Charge-Off Interest at 16.8% |  | $649.80 |
| 12/04/2009 | **Total at Charge-Off** |  | $9,522.02 |
|  | Post-Charge-Off Interest  at 16.8% |  | $6,781.99 |
|  | Payment |  | $0.00 |
|  | Total On 12/12/2014 |  | $16,304.01 |

ltr. 2217  rev.120312

334981

# EXHIBIT 6

# JUSTICE COURT, LAS VEGAS TOWNSHIP
## Clark County Nevada

|  |  |
|---|---|
| Autovest LLC, Plaintiff(s) <br> vs. <br> Carlos Efrain Leonel Garcia, Defendant(s) | ) <br> ) <br> ) <br> ) CASE NO.:  **15C005404** <br> ) JC DEPARTMENT 6 <br> ) <br> ) |

FOR COURT USE ONLY

## SUMMONS

**NOTICE:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.[1]  READ THE INFORMATION BELOW.**

**TO THE ABOVE-NAMED DEFENDANT: You are hereby summoned and required to serve upon Plaintiff's attorney, whose address is set forth below, an Answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.[2]**

* If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
  a.  File with the Clerk of the Court, whose address is shown below, a formal written response (Answer) to the Complaint in accordance with the rules of the Court.  A $71.00 filing fee is required, or you must file an Application to Proceed *In Forma Pauperis* and request a waiver of the fee.  (You may obtain forms and information at the Civil Law Self-Help Center located in the Regional Justice Center or at its website at http://www.civillawselfhelpcenter.org/.)
  b.  Serve a copy of your response upon the attorney whose name and address is shown below.
* Unless you respond, your default will be entered upon application of the Plaintiff, and this Court may enter a judgment against you for the relief demanded, which could result in the taking of money or property or other relief.
* If you intend to seek the advice of an attorney, you should do so promptly so that your response will be timely.

Signed: 3/23/2015 3:25:05 PM

By: _____

**DEPUTY CLERK**                                          **03/23/2015**

**Date**

Justice Court, Las Vegas Township
Regional Justice Center
200 Lewis Avenue
PO Box 552511
Las Vegas, NV 89155-2511

Stephen R Kopolow # 8533
8020 W Sahara AVE STE 225
Las Vegas NV  89117
702-551-8600

Attorney Name, Address and Phone

APPROPRIATE COURTROOM ATTIRE AND SHOES ARE REQUIRED. NO SHORTS, HALTER TOPS, TANK TOPS, FOOD OR DRINK ARE PERMITTED.

---

[1] Notwithstanding the above, the State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators, each have 45 days after service of this Summons within which to file an Answer to the Complaint.

[2] When service of the Summons is made by publication, the Summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action substantially as follows: "This action is brought to recover a judgment for the sum of (indicate dollar amount), due and owing, " or as the case may be. (JCRCP4(b)).

Las Vegas Justice Court
Electronically Filed
3/20/2015 9:17:50 AM
Joe Bonaventure
CLERK OF THE COURT

1  STEPHEN R. KOPOLOW, P.C.
   Stephen R. Kopolow, Esq.
2  Nevada Bar No. 8533
   8020 W. Sahara Ave. Suite 225
3  Las Vegas, NV 89117
   866-933-7087
4  Attorney for Plaintiff
   jbaldovinos@kopolowlaw.com
5

6           IN THE JUSTICE COURT, LAS VEGAS TOWNSHIP

7                   CLARK COUNTY, NEVADA

8
   AUTOVEST LLC,                         )
9                                        )
                Plaintiff,               )      Case Number:  15C005404
10                                       )
    vs.                                  )      Dept. No.:  Department #: LVJC 6
11                                       )
                                         )
12  CARLOS EFRAIN LEONEL GARCIA, an      )
    individual, DOES I through X, inclusive, )   Date of Hearing: N/A
13                                       )      Time of Hearing: N/A
                                         )
14              Defendant(s)             )
                                         )
15  _____)

16                      **COMPLAINT**

17       AUTOVEST LLC, hereinafter "Plaintiff" complains and alleges CARLOS EFRAIN

18  LEONEL GARCIA , hereinafter "Defendant" as follows:

19
        1.     That all times relevant hereby Plaintiff was and is a limited liability corporation
20
               organized under the laws of Michigan.
21
        2.     That Defendant, CARLOS EFRAIN LEONEL GARCIA is a resident  of LAS
22
               VEGAS, Clark County, Nevada.
23
        3.     That the true names and capacities, whether individual, corporate, associate or
24
               otherwise, of Defendant named herein as DOES I through X, inclusive are
25
               unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names
26
27

28
                                 1

Las Vegas Justice Court
Electronically Filed
3/20/2015 9:17:50 AM
Joe Bonaventure
CLERK OF THE COURT

1    **STEPHEN R. KOPOLOW, P.C.**
Stephen R. Kopolow, Esq.
2    Nevada Bar No. 8533
8020 W. Sahara Ave. Suite 225
3    Las Vegas, NV 89117
866-933-7087
4    Attorney for Plaintiff
jbaldovinos@kopolowlaw.com
5

6                    **IN THE JUSTICE COURT, LAS VEGAS TOWNSHIP**

7                           **CLARK COUNTY, NEVADA**

8

9    AUTOVEST LLC,                           )                 15C005404
                                            )      Case Number:
10            Plaintiff,                     )      Dept. No.:  Department #: LVJC 6
                                            )
11   vs.                                     )
                                            )
12   CARLOS EFRAIN LEONEL GARCIA, an        )      Date of Hearing: N/A
     individual, DOES I through X, inclusive, )      Time of Hearing: N/A
13                                           )
14            Defendant(s)                   )
                                            )
15   _____)

16                            **COMPLAINT**

17       AUTOVEST LLC, hereinafter "Plaintiff" complains and alleges CARLOS EFRAIN

18   LEONEL GARCIA , hereinafter "Defendant" as follows:

19       1.      That all times relevant hereby Plaintiff was and is a limited liability corporation

20               organized under the laws of Michigan.

21       2.      That Defendant, CARLOS EFRAIN LEONEL GARCIA is a resident of LAS

22               VEGAS, Clark County, Nevada.

23       3.      That the true names and capacities, whether individual, corporate, associate or

24               otherwise, of Defendant named herein as DOES I through X, inclusive are

25               unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names

26

27

28

                                            1

and Plaintiff will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff believes that each Defendant(s) may be responsible in some manner for the events herein referred to and caused damages proximately thereby to Plaintiff alleged herein.

4.    Plaintiff is informed and thereupon alleges that at all times relevant hereto, each of the Defendants was the principal, agent, employee, co-conspirator, each of all the others, and at times mentioned herein were acting within the course and scope of such relationships.

## FACTS

5.    Defendant entered into a Retail Installment Sale Contract and Security Agreement (Simple Interest dated  ("the Contract").

6.    The Defendant completed a Credit Application in order to obtain financing for the vehicle.

7.    Defendant defaulted on the obligation to make payments due under the Contract.

8.    Upon Defendant's default under the Contract WELLS FARGO BANK N.A. gave all notices required by the Contract and applicable law, properly accelerated the balance of principal and accrued and unpaid interest, and  demanded payment from Defendant; however, Defendant did not pay the balance due.

9.    Pursuant to the Contract and applicable state law, WELLS FARGO BANK N.A. took possession of the collateral securing the debt, and disposed of it in a commercially reasonable manner on 12/01/2009 after first giving all notices required by the Contract and applicable law.

10.    After applying the net proceeds of the sale to the debt, a deficiency balance of

2

1    $9,522.02 remains due and owing to Plaintiff,

2    11.   Through its attorneys Plaintiff has demanded that Defendant pay the deficiency

3          balance, but Defendant did not do so.  Plaintiff seeks judgment for the deficiency

4          balance, together with all applicable interest charges and attorney's fees

5
6    12.   Through its undersigned attorney Plaintiff has demanded payment from Defendant,

7          but Defendant has not satisfied such demand.   Plaintiff has performed all

8          conditions precedent to the filing of this action, or all such conditions precedent

9          have occurred.

10                              **ATTORNEY'S FEES**

11   13.   Pursuant to the terms of the Contract, applicable state law and Nevada Rules of

12         Civil Procedure, Plaintiff is entitled to recover reasonable attorney's fees and court

13         costs for the pursuit of this action.

14
15   **WHEREFORE**, Plaintiff prays as follows:

16   a.    A Judgment in the amount of $9,522.02 the deficiency together with post-

17         judgment interest at the maximum lawful rate from the date of judgment,

18         until paid in full;

19
20   b.    For judgment on the interest that has accrued since the Plaintiff purchased the

21         obligation in the amount of $7,439.19 or as proven at trial;

22   c.    For a Judgment for the costs incurred as a result of filing this action;

23   ///
24   ///
25   ///
26   ///
27
28

3

d.      For a Judgment in the amount of $1500.00 for reasonable attorney's fees;

e.      For such other and further relief as this Court may deem to be just and proper in the premises.

DATED this 17th day of March, 2015

                              **STEPHEN R. KOPOLOW, P.C.**

Stephen R. Kopolow, Esq.
Nevada Bar No. 8533
8020 W. Sahara Ave, Suite 225
Las Vegas, NV 89117
866-933-7087
Attorney for Plaintiff

4

# EXHIBIT 7

# SIMPLE INTEREST VEHICLE CONTRACT AND SECURITY AGREEMENT

**SECTION A:**

| | |
|---|---|
| Buyer's/Name(s): | CREDITOR: |
| Name: | Address: |
| Address: | City: County: |
| City: County: | State: Zip: |
| State: Zip: | Phone: ( ) |
| Bus. Phone: ( ) Res. Phone: ( ) | |

Stock No._____ Salesman_____ Date_____

**SECTION B:** **DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH-IN-LENDING ACT**

Your payment schedule will be:

| | | |
|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate: ___ % | | |

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | |
| | | |

**FINANCE CHARGE** The dollar amount the credit will cost you: $

**INSURANCE:** Credit life insurance, credit disability insurance and debt cancellation coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. **(e) means an estimate**

| Type | Premium | Term | Signature(s) |
|---|---|---|---|
| Credit life: | $ | | I want credit life insurance: X ___ SIGNATURE(S) |
| Joint credit life: | $ | | We want joint credit life insurance: X ___ SIGNATURE(S) |
| Credit disability: | $ | | I want credit disability insurance: X ___ SIGNATURE(S) |
| Credit life and disability: | $ | | I want credit life and disability insurance: X ___ SIGNATURE(S) |
| Joint credit life and disability: | $ | | We want joint credit life and single disability insurance: X ___ SIGNATURE(S) |
| Debt cancellation coverage (GAP coverage) | $ | | I want debt cancellation coverage (GAP Coverage) X ___ SIGNATURE(S) |

**Amount Financed** The amount of credit provided to you or on your behalf: $

**Total of Payments** The amount you will have paid after you have made all payments as scheduled: $

**Total Sales Price** The total cost of your purchase on credit, including your down payment of $_____ : $

You may obtain property insurance from anyone you want that is acceptable to the Creditor above. If you get the insurance from the Creditor you will pay $_____ and the term of the insurance will be _____

**Security:** You are giving a security interest in the goods or property being purchased.
☐ Other (Check if applicable) _____

Filing fee $_____. Nonfiling insurance $_____
**Late Charge:** If a payment is more than 10 days late, you will be charged $15 or 8 percent of the payment, whichever is less.
**Prepayment:** If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

## SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

This contract is made the _____ (day) of _____ (month) of _____ (year), between you, the Buyer(s) shown above, and us, the Seller shown as Creditor above. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown as the Total Sales Price in Section B above), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used:_____ Year and Make: _____

Series:_____ Body Style:_____ No. Cyl.: _____

If truck, ton capacity: _____

Manufacturer's Serial Number: _____

Use for which purchased: ☐ Personal  ☐ Business  ☐ Agriculture

INCLUDING:
☐ Sun/Moon Roof  ☐ Air Conditioning  ☐ Automatic Transmission
☐ Power Steering  ☐ Power Door Locks  ☐ Power Seats
☐ Power Windows  ☐ Tilt Wheel  ☐ Vinyl Top
☐ Cassette  ☐ Cruise Control  ☐ AM/FM Stereo
☐ Compact Disc Player

## SECTION C: ITEMIZATION OF AMOUNT FINANCED

1. Vehicle Selling Price ............... $_____
   Plus: Documentary Fees ........... $_____
   Plus: Emission Inspection Fee ... $_____
   Plus: Other (_____) $_____
   Plus: Other (_____) $_____
   Taxable Selling Price ....................$_____
2. Total Sales Tax ...........................$_____
3. Amounts Paid to Public Officials
   a. Titling Fee ............... $_____
   b. Registration Fee ........ $_____
   c. Other (_____) $_____
   TOTAL OFFICIAL FEES (Add 3a through 3c) ..........$_____
4. Plus Other Charges
   a. Extended Service Contract* ... $_____
   b. Driveaway Permit ............... $_____
   c. Other (_____) $_____
   d. Other (_____) $_____
   Total OTHER CHARGES (Add 4a through 4d) ..........$_____
5. Total Cash Sales Price (Add 1 through 4) ..........$_____
6. Gross Trade-In Allowance ............ $_____

| YEAR | MAKE | MODEL |
|---|---|---|

Use for which purchased: ☐ Personal   ☐ Business   ☐ Agriculture

INCLUDING:
☐ Sun/Moon Roof
☐ Power Steering
☐ Power Windows
☐ Cassette
☐ Compact Disc Player

☐ Air Conditioning
☐ Power Door Locks
☐ Tilt Wheel
☐ Cruise Control

Automatic Transmission
☐ Power Seats
☐ Vinyl Top
☐ AM/FM Stereo

_____ Color _____ Tires _____ Lic. No.

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B above) according to the Payment Schedule (also shown in Section B above), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed above.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.

Address where Collateral will be located:

Street _____City_____

County_____State_____

Your address after receipt of possession of Collateral:

Street _____City_____

County_____State_____

### NOTICE OF RESCISSION RIGHTS

If buyer signs here, the notice of rescission rights on the reverse side is applicable to this contract.

Buyer's Signature **X** _____

Co-Buyer's Signature **X** _____

b. Driveaway Permit ........................$_____
c. Other _____
d. Other (_____) $_____
Total OTHER CHARGES (Add 4a through 4d) .........$_____
5. Total Cash Sales Price (Add 1 through 4) .................$_____
6. Gross Trade-In Allowance ........... $_____

| YEAR | MAKE | MODEL |
|---|---|---|

Minus: Payoff Balance ................$_____
Net Trade-In Allowance ...............................$_____
7. Down Payment (Other Than Net Trade-In Allowance):
   a. Trade-In Sales Tax Credit ...... $_____
   b. Cash ...................................... $_____
   c. Manufacturer's Rebate .......... $_____
   d. Other (_____) $_____
   Down Payment (Add 7a through 7d) .................. $_____
8. TOTAL DOWN PAYMENT AND
   NET TRADE-IN ALLOWANCE (Add 6 and 7)............. $_____
9. UNPAID BALANCE OF CASH SALES PRICE
   (Subtract 8 from 5) .......................................... $_____
10. Plus Optional Insurance Charges*
    a. Credit Life Insurance Premium
       Paid to (_____) Term (_____) $_____
    b. Credit Disability Insurance Premium
       Paid to (_____) Term (_____) $_____
    c. Debt Cancellation Coverage (GAP Coverage)
       Paid to (_____) Term (_____) $_____
    d. Other Insurance
       Paid to (_____) Term (_____) $_____
11. Other Amounts Financed
    a. _____
       Paid to (_____)..................... $_____
    b. _____
       Paid to (_____)..................... $_____
12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11)   $_____
*Seller may retain or receive a portion of this amount.

STATE DISCLOSURE REQUIREMENTS: The provisions of Section B and Section C above are incorporated into this agreement for purposes of state disclosure requirements.
   Additional Terms and Conditions: The additional terms and conditions set forth on the reverse side hereof are a part of this contract and are incorporated herein by reference.

OPTION:_____ You pay no Finance Charge if the Total Amount Financed, item No. 12, Section C, is paid in full on or before the _____ (day) of _____ (month) of _____ (year).

SELLER'S INITIALS:_____

## SECTION E:                    NOTICE TO BUYER

**Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.**

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle above, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

The text of the preceding two paragraphs is set forth below in Spanish.

Si usted está comprando un vehículo usado mediante este contrato según la descripción del vehículo arriba, la ley federal podrá exigir que la ventanilla demuestre una guía especial para el comprador.

LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACIÓN CONTARIA EN EL CONTRATO DE VENTA.

**BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN COPY OF THIS CONTRACT AND THE ABOVE DISCLOSURE AT THE TIME OF SIGNING.**

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C ABOVE.

Buyer: **X** _____ Date:_____ Co-Buyer: **X** _____ Date:_____

Creditor:_____ Date:_____ By: **X** _____ Title:_____

**LAW** FORM NO. 553NV (REV. 2/03)
© 2003 Reynolds and Reynolds  TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

ORIGINAL LIENHOLDER

**Simple Interest Contract:** This is a simple interest contract. The Finance Charge, Total of Payments and payment Schedule set forth in the disclosures on the reverse side may differ. The final payment may differ depending upon the dates payments are received and events which occur after this contract is made. For example, early payments will have the effect of reducing your final payment, while late payments will cause your final payment to be higher. Your promise requires you to pay the final payment on the date due, which payment will be equal to all unpaid sums due under this contract, even if the amount of the final payment differs from the amount of final payment disclosed on the reverse side hereof.

**Default:** If you default in the performance of any of the terms and conditions of this agreement, including, but not limited to, making of any payment later than 30 days of when due, or become insolvent, or file any proceeding under U.S. Bankruptcy Code, or upon your demise, or if the vehicle is damaged or destroyed, we may at our option and without notice or demand (1) declare all unpaid sums immediately due and payable, (2) file suit against you for all unpaid sums, and (3) take immediate possession of the vehicle. Upon taking possession of the vehicle and giving notice as provided by law, if you do not redeem the vehicle, we will sell it at public or private sale. We may purchase the vehicle at any sale. The proceeds of the sale will be applied first to the expenses of retaking, reconditioning, storing and selling the property, and the remainder will be applied to the unpaid sums owing under this contract. Attorney's fees and court costs are allowed too. If there is any money left over (surplus) it will be paid to you. If a balance still remains owing, you promise to pay that balance upon demand. In your default or breach this agreement you agree to pay finance charges at the Annual Percentage Rate shown on the reverse side until all sums owing us are paid in full. Our remedies are cumulative and taking of any action is not a waiver and does not prohibit us from pursuing any other remedy. Your promise to pay reasonable collection costs and expenses, including attorney's fees, if you default under this agreement. If suit is filed, you agree that attorney's fees and costs will be awarded to the prevailing party. If the vehicle is repossessed we may store personal property found in the vehicle for your account and at your expense and if you do not claim property within 90 days after the repossession, we may dispose of the personal property in any manner we deem appropriate without liability to you.

**Delinquency and Collection Charges:** You will pay a delinquency charge equal to the lesser of $15 or 8 percent of any installment in default for more than 10 days. If you default as described in the preceding paragraph and we refer this contract for collection to an attorney who is not our salaried employee or a salaried employee of the holder of this contract, you will pay reasonable attorney's fees plus court costs, and reasonable collection costs to the extent not prohibited by law.

**Demand for Full Payment and Additional Remedies on Default:** If you default under this contract, at the time of the default or any time after default (if the default hasn't been cured previously) we may require immediate payment of the unpaid portion of the amount you owe us. If there is any money left over (surplus) it will be paid to you. On any default, we will have all the remedies of a secured party under the Uniform Commercial Code. If the cash price on the reverse hereof is $1,000 or less, you will not be personally liable for any deficiency incurred in a sale after repossession.

**Ownership of the Collateral:** You represent that there are no liens, claims or encumbrances on the Collateral except for the security interest you grant by this contract to us and you further represent that you have executed no financing statement covering the Collateral except for one relating to this contract.

**Location and Use of Collateral:** You agree to notify us in writing of any change of your address or of any change in the location of the Collateral. Unless you first have received our written consent, you may not take the Collateral out of the State shown in Section D in the section entitled "Address Where Collateral Will Be Located" and you may not sell, lease or otherwise dispose of the Collateral or any part of it by any means. You will comply with all laws, ordinances, regulations and orders relating to the Collateral. You will keep the Collateral in good condition and will not alter or substantially modify it or conceal it. You will not allow any other security interest on the Collateral besides the security interest granted to us under this contract.

**Inspection of the Collateral:** We may inspect the Collateral at any reasonable time.

**Taxes:** You are responsible for and will pay when due all taxes and assessments levied on the Collateral. If you fail to do so, we may pay any such tax or assessment on your behalf. An amount equal to that which we paid will be added to the Total of Payments then owing and you will be charged a finance charge on the amount we paid at the highest lawful contract rate.

**Property Insurance:** You will keep the Collateral insured against such risks and in such amount as we may from time to time require with an insurer that you choose and we approve. As indicated in Section B, if you choose, we will obtain property insurance for you at the premium shown. Whether the insurance is provided by you or by us, you will pay all premiums for this insurance when the premiums are due and payable. If you provide property insurance, you will deliver the policies to us as additional security and will provide us with receipts showing payment of premiums. If you do not obtain the insurance or pay the premiums, we may do so for you. If we do this, an amount equal to that which we have paid for the premiums will be added to the Total of Payments then owing and a finance charge at the highest lawful rate will be charged on that amount. If we do not obtain the insurance, none of our other rights and remedies will be prejudiced. You agree that any proceeds from insurance are to be used to either repair or replace the vehicle. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged, or destroyed. If you default (as described above), we may cancel the insurance and credit any insurance premium refunds to the unpaid balance of this contract.

## LIABILITY INSURANCE IS NOT REQUIRED BY THIS CONTRACT. YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM LIABILITY INSURANCE IS TO BE OBTAINED.

**Information to Insurance Company or Agent:** You give your permission to furnish us any information about the Collateral or any information about insurance policies on the Collateral to an insurance agent or company.

**Credit Life Insurance, Credit Disability Insurance and Debt Cancellation Coverage (GAP Coverage):** If you indicated in Section B that you want optional credit life insurance, credit disability insurance or debt cancellation coverage (GAP coverage), or any combination thereof, you agree to pay for such insurance at the premium shown in Section B.

NO WARRANTIES: SELLER MAKES NO REPRESENTATIONS, PROMISES OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY OF THE COLLATERAL OR WHETHER THE COLLATERAL IS SUITABLE OR FIT FOR THE PARTICULAR PURPOSE INTENDED UNLESS SELLER HAS DONE SO IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY US AS ORIGINAL SELLER OF THE COLLATERAL. HOWEVER, IF SELLER MAKES AN EXPRESS WARRANTY IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY SELLER OR, WITHIN 90 DAYS AFTER THE DATE OF THIS CONTRACT, ENTERS INTO A SERVICE CONTRACT WITH THE BUYER THAT APPLIES TO THE COLLATERAL, THE EXCLUSION OF IMPLIED WARRANTIES SET FORTH IN THIS PARAGRAPH DOES NOT EXCLUDE ANY IMPLIED WARRANTIES THAT MAY EXIST WITH RESPECT TO THE COLLATERAL DURING THE TERM OF THE CONTRACT OR AGREEMENT IN WHICH THE EXPRESS WARRANTY IS MADE.

**Notices:** Any notice we have to give you pursuant to the Uniform Commercial Code will be reasonable if we send it to your address shown in Section D in the section entitled "Your Address After Receipt of Possession of Collateral" at least 5 days before the event with respect to which notice is required.

**Time is of the Essence:** You understand that all payments that are required must be made on the day due.

**Exercising our Rights:** We can, without notice, delay enforcing our rights or exercise only part of them, without losing them, or waive a right we have to one Buyer without waiving it as to the other(s).

**Meaning of Words:** In this contract the words "you" and "your" means each and all those who sign this contract as Buyers or Co-Buyers, and their heirs, executors, administrators, successors and assigns. The words "we", "us" and "ours" means the Creditor shown on the reverse in Section A, and if this contract is assigned, its successors and assigns and any other holder of this contract.

**Governing Law:** This contract has been delivered in the State of Creditor's place of business and will be governed by the laws of that State and applicable federal law.

**Invalidity:** Wherever possible each provision of this contract shall be interpreted so that it is valid under applicable law, but if any provision is prohibited or invalid, the remaining provisions of this contract will continue to be valid.

**Notice of Rescission Rights:** The provisions of this paragraph only apply if you have signed the notice of rescission rights on the face of this contract. (1) You agree to furnish the Seller any documentation necessary to verify information contained in your credit application. (2) You acknowledge that it may take a few days for the Seller to verify your credit and assign the contract. In consideration of the Seller agreeing to deliver the vehicle, you agree that if the Seller is unable to assign the contract to a financial institution with whom the Seller regularly does business pursuant to terms of assignment acceptable to the Seller, the Seller may elect to rescind the contract. (3) If the Seller elects to rescind the contract, the Seller shall, within 15 days after the date of this contract, give you notice of the rescission. Such notice shall be deemed given upon deposit of a written notice in the United States mail directed to you at the address you stated in the contract or upon any other manner in which actual notice is given to you. Upon receipt of such notice, you shall immediately return the vehicle to the Seller in the same condition as when sold, reasonable wear and tear excepted, and the contract shall be deemed rescinded. The Seller agrees, upon rescission of the contract, to restore to you all consideration received in connection with the contract, including any trade-in vehicle. (4) If the vehicle is not immediately returned to the Seller after giving notice of the Seller's election to rescind the contract, you are liable to the Seller for all expenses incurred by the Seller in obtaining possession of the vehicle, including attorney's fees, and the Seller has the right to repossess the vehicle as permitted by law. (5) While the vehicle is in your possession, all terms of the contract, including those related to the use of the vehicle and insurance for the vehicle, are in force and all risk of loss or damage to the vehicle must be assumed by you. You shall immediately pay all reasonable repair costs related to any damage to the vehicle while it is in your possession or under your control and until the vehicle is returned to the Seller.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on the reverse side, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

related to any damage to the vehicle while it is in your possession or under your control and until the vehicle is returned to the Seller.

NOTICE: ANY CLAIMS AND DEFENSES WHICH THE DEBTO COULD ASSERT AGAINST THE LLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on the reverse side, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Assignment: For value received, Seller sells, assigns, and transfers to _____ (Assignee), its successors and assigns, the entire right, title and interest of Seller in the contract contained herein, including, but not limited to, all amounts payable to Buyer and security interest in the Collateral. To induce Assignee to purchase the contract, Seller represents and warrants to Assignee as follows: (a) the contract is genuine and the statements and amounts inserted herein are correct; (b) the contract and security interest arose entirely from the sale of the Collateral or services described in the contract, or both; (c) the down payment, if any be shown on the face hereof, has been received and no part thereof was advanced directly or indirectly by Seller to Buyer; (d) the goods and services have been furnished to the satisfaction of Buyer and all obligations of warranty to Buyer, either express or implied, have been and will continue to be fulfilled by Seller; (e) the Collateral or services, or both, have been sold, provided and delivered to and accepted by Buyer; (f) the security interest granted to Seller in the contract constitutes a valid first lien on the Collateral and has been filed or recorded according to law to preserve the priority of each lien; (g) the Collateral is free and clear of all liens and encumbrances, except the security interest granted by this contract; (h) the full amount of the stated Total of Payments remains unpaid; (i) Seller is the holder of the contract and the security interest in the Collateral free and clear of all liens and encumbrances and Seller has full power and authority to assign the same; (j) the transaction was consummated on the above date set forth in the contract and Buyer did not receive possession of the Collateral prior to the date of consummation; (k) Buyer was furnished a completed copy of the contract prior to consummation; (l) the Collateral is insured with a company acceptable to Assignee against physical damage in addition to such other risks as Assignee requires under an insurance policy acceptable to Assignee; (m) Seller has not knowingly communicated to Assignee incorrect information relating to the Buyer's application or credit statement or knowingly failed to communicate information relating to such application or credit statement; (n) the facts set forth in the contract are true; (o) Buyer has no defense or counterclaim to payment of the obligation evidenced by the contract; (p) Buyer is or, if more than one, each is not a minor and has legal capacity to execute this contract and is liable thereon; and (q) Seller has no reason to believe the Buyer has ever violated any laws concerning liquor or narcotics.

In the event any warranty shall be breached or any representation shall be false, Seller shall, upon demand and irrespective of whether the contract is then in default, repurchase the contract from Assignee at a price equal to the unpaid balance of the contract plus accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect on the date of such demand by Assignee, plus any costs or expenses of collection, including attorney's fees, whether incurred by Assignee by suit or on appeal or otherwise. Seller waives all defenses that otherwise might have been available but nothing herein contained shall preclude Assignee from enforcing against Seller any other remedies provided by law for misrepresentation or breach of warranty. In the event of any proceedings commenced by Assignee against Buyer with respect to the contract, services or the Collateral, if Buyer asserts as a defense, set off or counterclaim any act, omission or default by Seller, Seller shall forthwith on demand repurchase the contract for the amount set forth above. The provisions of this assignment shall be binding on the heirs, representatives, successors and assigns of Seller and shall inure the benefit of the successors and assigns of Assignee. The above assignment provisions apply and are in addition to any obligations of Seller as provided in the paragraph below endorsed by Seller.

**1. RECOURSE:** Seller absolutely and unconditionally guarantees the prompt payment of either the total unpaid amount of the contract and any accrued interest or such other amount agreed to by Seller and Assignee in a separate agreement, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this guaranty or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives any and all defenses arising out of the guarantor relationship.

Seller: _____ By: _____

Title: _____ Date: _____

**2. REPURCHASE:** In the event of default by the Buyer under any of the terms or conditions of the contract, Seller will repossess and repurchase the Collateral, or if the Collateral has already been repossessed, Seller will repurchase the Collateral at the place of repossession or recovery. The Collateral will be repurchased in any event AS IS, at a price equal to the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the default, together with all costs, expenses and reasonable attorney's fees incurred by Assignee in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives all other defenses that might otherwise have been available. At the time of repurchase, Seller shall pay to Assignee the purchase price in cash and Assignee may reassign to Seller without recourse and without warranties, express or implied, all title retention or lien instruments and all contracts or promissory notes which Assignee then holds upon such Collateral.

Seller: _____ By: _____

Title: _____ Date: _____

**3. LIMITED ENDORSEMENT:** In the event of default of Buyer before Buyer shall have paid the first _____ installments under the foregoing contract, Assignee may reassign the contract to Seller and Seller agrees, upon tender of such reassignment and in consideration thereof to pay to Assignee either the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the reassignment, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and Seller waives any other defenses that might otherwise have been available.

Seller: _____ By: _____

Title: _____ Date: _____

**4. WITHOUT RECOURSE:** This assignment shall be without recourse against Seller except for such obligations as are set forth in the assignment above.

Seller: _____ By: _____

Title: _____ Date: _____

Form No. 553-NV (2/03)