IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

CARLOS EFRAIN LEONEL GARCIA, an individual, on behalf of himself and all those similarly situated,

Plaintiff,

vs.

AUTOVEST, LLC, a foreign limited liability company;

Defendant.

Civil Action No. 2:16-cv-00601-JAD-CWH

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS**

This matter came before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement, Approving Notice, and Scheduling Final Approval Hearing, filed January 31, 2017 ("Joint Motion"). No party opposes the relief now sought.

Based on the written submissions and evidence presented in connection with the Motion, the Court makes the following findings and determinations only for purposes of considering the class action settlement currently before the Court:

IT IS HEREBY DETERMINED AND ORDERED THAT:

1. The settlement proposed in the Class Action Settlement Agreement (the "Agreement"), a copy of which is attached to the Joint Motion, is within the range of possible settlements suitable for final approval as fair, just, equitable, reasonable, adequate, and in the best interests of the Class. It was negotiated at arm's length.

2. The Agreement and the terms of the settlement are hereby preliminarily approved as fair, reasonable, adequate, proper, and in the best interests of the Class.

3. The proposed settlement is sufficient to justify giving notice of the Settlement to the Class.

4. The Court hereby conditionally certifies the following Class solely for the purposes of settlement: All persons who were sued by Autovest in Nevada between March 17, 2015 and the future date of entry of a Final Judgment in this case for the deficiency balance owed under a Simple Interest Vehicle Contract and Security Agreement ("Contract(s)") more than 4 years after the date of the last voluntary payment made under the Contracts and where the Contracts were secured by a lien on a motor vehicle. Excluded from this definition are individuals who filed for bankruptcy and whose debts under the Contracts were discharged, and individuals who already executed a release of any such claims against Autovest.

5. Within the Class, the Court conditionally certifies two subclasses, again solely for the purposes of settlement: a "Judgment Subclass" and a "Non-Judgment Subclass." The Judgment Subclass is comprised of Class Members against whom Autovest obtained a judgment before the future date of entry of a Final Judgment in this case. The "Non-Judgment Subclass" is comprised of Class Members against whom Autovest had not taken a judgment as of the future date of entry of Final Judgment in this case.

6. Proposed Intervenor, Lorraine Belt's, Motion to Intervene as an additional representative of the Class [ECF No. 29] is hereby GRANTED, for purposes of settlement only. The now-named Plaintiffs, Carlos Garcia and Lorraine Belt, are conditionally appointed as the representatives of the Class.

7. Counsel to the named Plaintiffs, Mitch D. Gliner, Daniel A. Edelman, Dan L. Wulz and Sophia A. Medina are conditionally appointed as Class Counsel.

8. The Terms of Settlement set forth in the Agreement are hereby approved on a


preliminary basis.

9. In the event that (1) the Agreement is terminated pursuant to its terms or the Effective Date does not occur; (2) the Agreement is not finally approved in all material respects by the Court; or (3) the Agreement, Preliminary Approval Order, Final Approval Order, and/or Judgment are reversed, vacated, or modified in any material respect by this or any other Court, then (a) all orders entered pursuant to the Agreement shall be vacated, including, without limitation, all other relevant portions of this Order; (b) the instant action shall proceed as though an Agreement had never been reached; and (c) no reference to the Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Agreement agree to jointly appeal an adverse ruling and the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment are upheld on appeal in all material respects, then the Agreement, Preliminary Approval Order, Final Approval Order, and Judgment shall be given full force and effect. In the event of (1), (2), or (3) in this Paragraph, all Parties reserve all of their rights existing prior to the execution.

10. A hearing on the fairness and reasonableness of the Agreement and to determine whether final approval shall be given to it and on the request for attorneys' fees and costs by Class Counsel will be held before this Court on 7/28, 2017, at 9 a.m. a.m./p.m. (the "Final Approval Hearing"). If Class Counsel is to file a motion for attorneys' fees and costs, they must do so at least fourteen (14) business days prior to the Final Approval Hearing. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the Class Members.

11. The Court hereby appoints First Class, Inc., class administration service, located at 5410 W. Roosevelt Rd. Ste. 222, Chicago, IL 60644-1479 as Settlement Administrator.

4

12. The Court approves the proposed form of notice to the class (the "Class Notice"), attached as Exhibit A to the Agreement, and approves the method of notice as adequate to inform the Class Members of the Action and as compliant with Due Process. As soon as practicable after receiving preliminary Court approval of the Agreement and no later than fourteen (14) days following the entry of this Order granting preliminary approval, the Settlement Administrator will mail the Class Notice to each potential member of the Class via first class United States Mail, postage prepaid, at his or her last known address as presently contained in Autovest's records. The Parties may make changes to the Class Notice form prior thereto only with the Court's approval. All expenses of such notice shall be paid by Autovest as set forth in the Agreement.

13. The Class Notice constitutes the best notice practicable under the circumstances, is reasonably calculated to communicate actual notice of the Action and proposed Settlement to the Class Members, and is due and sufficient notice to all persons entitled to notice of the settlement of this Action.

14. Class Members have until _May 1_, 2017 to opt out of the Class, meaning that any and all requests for exclusion must be postmarked on or before this date. All persons in the Class who properly file a timely written request for exclusion shall be excluded from the Class (i.e., "opt out" of the Class), and shall have no rights under the Agreement and no right to object to the Agreement. A request for exclusion must be in writing and must: (a) be signed by the potential Class Member seeking exclusion; (b) include the full name and address of the potential Class Member requesting exclusion; (c) be timely postmarked and mailed to the address designated in the Class Notice; and (d) make clear that the potential Class Member wants to be excluded from the Settlement Class. No request for exclusion will be valid unless all of the

information described above is included and it is postmarked timely.

15. Class Members have until ~~July 7~~, 2017 to object to the proposed Agreement, meaning that any and all Objections to the settlement be postmarked to the Clerk of this Court and Class Counsel and Defendant's Counsel on or before that date. Any Class Member who does not opt-out may object to the Agreement by filing with the Court a written notice of objection that includes: proof that the objector is a Class Member as defined in the Agreement and a statement of each objection being made. Any Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing, to present any evidence or argument that may be proper and relevant. If an objector wishes to be heard at the fairness hearing, the objector must also provide a list of witnesses (including each witness' mailing address and daytime telephone numbers) who may be called to testify at the Settlement Hearing, either live or by deposition or by affidavit, if any; and a list of exhibits, along with copies of those exhibits, that the objector may offer during the Settlement Hearing, if any. Class Counsel and/or Defendant's Counsel may, but need not, respond to the Objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than five (5) business days prior to the Settlement Hearing. The manner in which a notice of Objection should be prepared, filed and delivered shall be stated in the Notice. Only Class Members who have filed and delivered valid and timely written Objections will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action.

16. Subject to final approval of the proposed settlement and Agreement, and subject to the Parties giving the notice required by this Order, the Court approves the provisions of the

Agreement making the settlement and its release of claims binding on all Class Members, whether or not they actually received notice of the Action or its settlement.

17. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, the Named Plaintiffs and all Class Members shall be preliminarily enjoined and barred from commencing or prosecuting any claim or action inconsistent with the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Nothing in this Paragraph shall be construed to prevent a Class Member from presenting objections to the Court regarding the Agreement in accordance with Paragraph 15 of this Order.

18. All papers in support of or in opposition to the Agreement shall be filed and served in accordance with the following schedule: (a) any objections by Class Members and any papers in opposition to the Agreement shall be filed with the Court and served as provided above on or before July 7, 2017; and (b) all papers in support of the Agreement, including responses to objections, shall be filed with the Court and served on or before July 14, 2017. There shall be no replies.

DATED: 3/13/17

_____
Judge Jennifer A. Dorsey
U.S. District Judge

Respectfully Submitted:

**LEGAL AID CENTER OF SOUTHERN NEVADA, INC.,**

/s/Dan L. Wulz
Dan L. Wulz, Esq.

**LIPSON, NEILSON, COLE, SELTZER, GARIN, P.C.**

/s/Jessica Green
Jessica Green, Esq.

| | |
|---|---|
| Nevada Bar No. 5557<br>725 E. Charleston Blvd.<br>Las Vegas, Nevada 89104<br>dwulz@lacsn.org<br>smedina@lacsn.org<br>*Attorney for Plaintiff* | Nevada Bar No. 12383<br>9900 Covington Cross Dr., Suite 120<br>Las Vegas, Nevada 89117<br>*Attorney for Defendant* |

**SIMMONDS & NARITA LLP**

    /s/ R. Travis Campbell
R. Travis Campbell, Esq.
44 Montgomery Street, Suite 3010
San Francisco, California 94104
Direct line (415) 283.1006
Fax (415) 352.2625
email: TCampbell@SNLLP.com
*Attorney for Defendant*

8