1    DAN L. WULZ, ESQ.
     Nevada Bar No.: 5557
2    SOPHIA A. MEDINA, ESQ.
     Nevada Bar No.: 12446
3    **LEGAL AID CENTER OF**
     **SOUTHERN NEVADA, INC.**
4    725 E. Charleston Blvd.
5    Las Vegas, Nevada 89104
     Telephone: (702) 386-1453
6    Facsimile: (702) 386-1453
7    smedina@lacsn.org

8    MITCHELL D. GLINER, ESQ.
     Nevada Bar No.: 3419
9    **LAW OFFICES OF**
     **MITCHELL D. GLINER**
10   3017 W. Charleston Blvd., #95
11   Las Vegas, Nevada 89102
     Telephone: (702) 870-8700
12   Facsimile: (702) 870-0034
13   mgliner@glinerlaw.com

14   DANIEL A. EDLEMAN, ESQ.
     Illinois Bar No.: 0712094
15   **EDELMAN, COMBS**
     **LATTURNER & GOODWIN, LLC**
16   20 S. Clark Street, Suite 1500
17   Chicago, IL 60603
     (312) 739-4200
18   (312) 491-0379 (Fax)
19   dedelman@edcombs.com
     www.edcombs.com
20

21   *Attorneys for Class*

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                      1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

CARLOS EFRAIN LEONEL GARCIA, an individual, on behalf of himself and all those similarly situated,

Plaintiff,

vs.

AUTOVEST, LLC, a domestic limited liability company;

Defendant.

LORRAINE BELT, on behalf of herself and all those similarly situated,

                  Intervenor,

vs.

AUTOVEST, LLC, a domestic limited liability company;

Defendant.

Civil Action No.: 2:16-cv-00601-JAD-CWH

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff Class Representative, Carlos Efrain Leonel Garcia, and Intervenor Class Representative, Lorraine Belt, individually and on behalf of the Class certified herein, by and through counsel, Dan L. Wulz, Esq., Legal Aid Center of Southern Nevada, Inc., hereby submit this Motion for Attorney's Fees and Costs in the amount of $25,000.00 (as well as approval of $12,550 in attorney's fees and costs to be paid in associated state court litigation) pursuant to the terms of the preliminarily approved Class Action Settlement Agreement and as is allowable by 15 U.S.C. § 1692k(a)(3), to be heard October 2, 2017, 1:30 p.m.

## I.      INTRODUCTION

This certified class action involves the alleged collection of and filing of litigation on time-barred auto deficiency debt collection matters against the Class Members in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA") and abuse of process. The suit originated after Autovest sued Class Representative Carlos Garcia in Las Vegas Justice Court, *Autovest, LLC v. Garcia*, Case No. 15C005404, on March 20, 2015 (currently pending in the Eighth Judicial District Court, Department #15, *Garcia v. Autovest, LLC*, Case No. A-16-736936-A.)  Mr. Garcia sought the assistance of counsel, Legal Aid Center of Southern Nevada, Inc., which resulted in commencement of the instant action on March 17, 2016.

Class Counsel together have cumulatively spent more than 252.2 hours investigating and litigating this matter over the past seventeen months in this case.  The majority of the work by Class Counsel—including but not limited to investigation, filing a lawsuit, seeking class certification, extensive motion practice, and settlement negotiations—had to be done to accomplish the result obtained.  *See:* Declarations of each of Class Counsel, Exhibit Nos. 1, 2 and 3, attached.

Dan L. Wulz, Esq., bills at a rate of $450 per hour, Mitchell D. Gliner, Esq., bills at a rate of $500 per hour, and Daniel A. Edleman, Esq. at a rate of $700 per hour. Reasonable attorney's fees amount to $93,850.00.  *Id*.  However, per the Class Action Settlement Agreement (Exhibit No. 1 to the "Joint Motion for Preliminary Approval of Settlement and Notice to Class," Doc. #55, 2/6/17), Autovest has agreed to not contest and to pay attorney's fees and costs up to $25,000.00.  Therefore, Class Counsel is seeking approval of reasonable attorney's fees in the amount of $25,000.00.

Legal Aid Center of Southern Nevada, Inc., separately seeks approval of reasonable attorney's fees and costs in the amount of $12,550.00 to be paid by Autovest in the associated state court action, all as also provided in the Class Action Settlement Agreement. The Declaration of Dan L. Wulz, Esq., attached as Exhibit No. 1, shows and affirms that 38.0 hours were spent by himself and 168.5 hours were spent by Sophia Romero, Esq., in the defense of Mr. Garcia in that associated state court action.

## II.    RESULTS OBTAINED – BENEFIT TO THE CLASS

Under the preliminarily approved Class Action Settlement Agreement, the twenty-five members of the Judgement Subclass will each receive a $100 credit to their accounts. The seventy-three members of the Non-Judgment Subclass will enjoy waiver of debt in the total amount of $738,096.74. Class Representatives Garcia and Belt will each receive $1,000 for their services to the Class, and will each enjoy waiver of their alleged debt to Autovest.

## III.    THE PRELIMINARILY APPROVED CLASS ACTION SETTLEMENT PROVIDES FOR ATTORNEY'S FEES AND COSTS

The Class Action Settlement Agreement attached as Exhibit No. 1 to the "Joint Motion for Preliminary Approval of Settlement and Notice to Class," Doc. #55, 2/6/17, provides at paragraph no. 32:

> Attorney Fees, Costs & Expenses. Class Counsel has represented that up through the negotiation of this Agreement, they had spent in excess of 160 hours on this matter, and will continue to incur additional time, and that their rates for their services is $500 per hour for Mr. Gliner, $700 per hour for Mr. Edelman, and $450 per hour for Mr. Wulz. Autovest expresses no opinion on the reasonableness of the rates sought or on the amount of time that Class Counsel claims to have spent on the matter. Based on these representations, however, Autovest agrees not to oppose any application for fees and expenses by Class Counsel up to $25,000.00, which will include reimbursement for all time spent as well as all costs and expenses incurred through the conclusion of the Action. Class Counsel must submit a fee petition to the Court no later than five (5) business days prior to the

4

Settlement Hearing. Within 10 business days of the Effective Date, Autovest will pay Class Counsel the attorney fees approved by the Court, up to $25,000.00.  The amount awarded by Court's in response to Class Counsel's fee petition will not affect the finality of the settlement of this matter.

Also, as part of settlement of this Class Action, the Class Action Settlement Agreement at paragraph no. 30 provides as follows with respect to settlement of Autovest's companion litigation against Class Representative Carlos Garcia:

> <u>Disposition of Action Pending Against Carlos Garcia</u>.  Within ten (10) days after the Effective Date, the Parties will submit a Stipulation and Order to the Eighth Judicial District Court, Department #15, in *Garcia v. Autovest*, Case No. A-16-736936-A, providing that the parties have settled, the appeal is withdrawn, and the case is remanded to Justice Court. The parties will then file a Stipulation and Order in the Justice Court to vacate the Judgment, dismiss the case with prejudice and request the Justice Court return the $250 appeal bond to Named Plaintiff Carlos Garcia.  As part of the Justice Court settlement, Autovest will make a payment to Legal Aid Center of Southern Nevada, Inc. for attorneys' fees in the amount of Twelve Thousand Five Hundred Dollars ($12,500) and costs in the amount of Fifty Dollars ($50) for a total payment of $12,550 within 15 business days of receipt of the filing of the Stipulations referenced in this paragraph and the receipt of this Agreement executed by Garcia.

## IV.    POINTS AND AUTHORITIES

FRCP 54(d)(2) provides that a party may make a claim for attorney's fees by motion, so long as the party specifies "the judgment and the statute, rule, or other grounds entitling the movant to the award."  Class Counsel are entitled to an award of attorney's fees based on the Class Action Settlement Agreement. Further, the Class is entitled to fees pursuant to 15 U.S.C. § 1692k(a)(3).

### A.    Plaintiffs are Entitled to Attorney's Fees Pursuant to Section 1692k(a)(3).

Section 1692k(a)(3) provides that a plaintiff is entitled to attorney's fees if his suit is a "'successful action to enforce the foregoing liability,' meaning liability for either actual or

statutory damages." *Dechert v. Cadle Co.*, 441 F.3d 474, 475 (citing 15 U.S.C. § 1692k(a)(3)).

To be a prevailing party, and therefore entitled to an award of fees, the party must obtain an

enforceable judgment, or obtain a settlement that provides similar relief. *Farrar v. Hobby*, 506

U.S. 103, 112 (1992) (citing *Hewitt*, 482 U.S. 755, 760 (1987); *Maher v. Gagme*, 488 U.S. 122,

129 (1980)).

Class Counsel have negotiated a settlement agreement that requires Autovest to pay

statutory damages to members of the Judgment Subclass Members via a credit to each Member's

account, and to waive the deficiency balances allegedly due from Non-Judgment Subclass

Members, as well as ceasing collection activity.  The relief that the settlement provides is similar

to the relief that was sought, and might have been awarded through a successful judgment.

Therefore, the Class has received a "settlement that provides similar relief" as an enforceable

judgment and is entitled to attorney's fees under 15 U.S.C. § 1692k(a)(3).

**B.      Notice of this Request for Award of Class Counsel Fees is Being Provided
to All Class Members**

The Court approved notice to the Class which revealed the amount of attorney's fees and

costs that Autovest has agreed not to oppose and to pay as part of the preliminarily approved

settlement, and which Class Counsel now requests be approved by this Court.  Furthermore, the

notice specifically instructed class members of the proper procedure for objecting to any aspect

of this proposed settlement, including objecting to Class Counsel's application for an award of

attorney's fees.  Thus, at the time of the Final Approval Hearing, all Class members will have

been notified that this request for an award of attorney's fees is pending, and Class Members will

have been notified of the procedure to comment upon said request.

**C.      An Award of Attorney's Fees to Pro Bono Counsel is Proper.**

A non-profit, private legal services organization which represents persons who would

otherwise receive no legal assistance can receive an award of attorney's fees in a civil rights class action where, although the organization is funded to a substantial extent from public funds, it exercises independent judgment in performing its legal function. *Palmer v. Columbia Gas of Ohio, Inc*., 375 F.Supp. 634 (N.D. Ohio 1974). Attorney's fees are routinely awarded to legal services, *pro bono*, or other nonprofit legal organizations. *See*, e.g., *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Washington v. Seattle School Dist. No. 1*, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982); *Dennis v. Chang*, 611 F.2d 1302 (9th Cir. 1980); *Holley v. Lavine*, 605 F.2d 638 (2nd Cir. 1979). It is well settled that attorney's fees under 42 U.S.C. § 1988 are not barred merely because counsel "is a legal services organization providing free legal representation." *Dennis*, *supra*, 611 F.2d at 1304. *Accord*: *Blum*, *supra*, 465 U.S. at 894, 104 S.Ct. at 1547. *See also: Washington*, 458 U.S. at 488 n. 31, 102 S.Ct. at 3204 n. 31 (courts "have held with substantial unanimity that publicly funded legal services organizations may be awarded fees").

> When free legal services are provided there may be no direct barrier to the courtroom door, but if no fees are awarded, the burden of the costs is placed on the organization providing the services, and it correspondingly may decline to bring such suits and decide to concentrate its limited resources elsewhere, thereby curtailing the forceful application of the Act that Congress sought.  Thus, the denial of fees in this situation indirectly cripples the enforcement scheme designed by Congress.

*Hairston v. R & R Apts.*, 510 F.2d 1090, 1092 (7th Cir. 1975).

## D.    The Criteria for an Award of Attorney Fees are Met

The "lodestar" method is used for calculating fees in FDCPA cases. *Rodriguez v. Nancy A. Smith & Associates*, No. 3:12-CV-5252-RBL, 2012 WL 5207545, at *2 (W.D. Wash. Oct. 22, 2012)(citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably

expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The court adjusts the lodestar figure based on twelve factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).

### 1. Reasonable Hours

The following factors should be taken into account for determining reasonable hours in the lodestar calculation: "'"(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, … (4) the results obtained,' … and (5) the contingent nature of the fee agreement" (internal cites omitted). *Morales*, 96 F.3d at 364 n. 9.

Class actions present a unique and complex set of challenges. Counsel must consider class allegations, inclusion of class members, the definition of the class, including subclasses, notification to class members, and assuring named plaintiffs are suitable class representatives. The complexity of such a case must surely be considered when determining whether hours and rates are reasonable. Here, Class Counsel have engaged in more than 252.2 hours of work, including but not limited to investigation, filing a lawsuit, seeking class certification, extensive motion practice, and settlement negotiations. This is certainly a reasonable amount of hours given the complexity of a class action, FDCPA suit.

Additionally, Class Counsel are highly experienced in class action litigation, settlement negotiations, and claims in consumer protection litigation.  Dan L. Wulz, Esq., Mitchell D. Gliner, Esq., and Daniel A. Edleman, Esq. have all had over thirty years of experience in litigation and consumer law. All counsel have been recognized in their field to be highly qualified and greatly experienced. Finally, Class Counsel have been successful in settlement negotiations, such that they have saved time and money for all concerned were this case to be litigated to conclusion.

Based on the above, Class Counsel have tracked the following number of hours reasonably spent on this case:

- Dan L. Wulz, Esq., 79.7 hours at a reasonable hourly rate of $450 per hour for a total of $35,865.00, and Sophia Romero, Esq., 165.5 hours at a reasonable hourly rate of $300.00 for a total of $49,650.00, for a cumulative total of $85,515.00. *See* Affidavit of Dan L. Wulz, Esq., attached hereto as **EXHIBIT 1**.

- Mitchell D. Gliner, Esq., 7 hours at a reasonable hourly rate of $500 per hour for a total of $3,500.00. **EXHIBIT 2**.

- Daniel A. Edleman, Esq., unspecified number of hours but affirming $4,835.13 in attorney's fees and costs incurred, at a reasonable hourly rate of $700 per hour, reduced to $3,500.00. **EXHIBIT 3**.

The total of the lodestar is equal to $93,850.13.

Also, in the Garcia state court action, Dan L. Wulz spent 38 hours which at $450 per hour equals $17,100, and Sophia Romero, Esq., spent 168.5 hours which at $300 per hour equals $50,500, for a grand total lodestar of $67,600 in the Garcia state court action.

**2. Reasonable Fees**

To determine whether the hourly rates are reasonable, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). According to the 2013-2014 Consumer Law Attorney Fee Survey (the "Survey"), the average attorney hourly rate, in pertinent part, is as follows: $290 for 3-5 years, $463 for 6-10 years, and $475 for more than 31 years. These average rates should be taken into consideration when determining whether the fee request is reasonable. *See e.g.: Mandler v. Colvin*, 2016 WL 526217, at *3 (D. Nev. Feb. 9, 2016) (citing the 2010-2011 Survey report, lodestar method, and Ninth Circuit's maximum hourly rate for attorneys was reasonable); *Silver State Broad., LLC v. Beasley FM Acquisition*, 2015 WL 1186461, at *2 (D. Nev. Mar. 16, 2015) (court used Laffey Matrix, the 2010-2011 Survey report, and DOJ to discuss reasonableness of

9

fees, also stating that Defendant failed to show that these rates were unreasonable according to 1692k(a)(3)). Further, the Court should consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec' of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

Dan L. Wulz, Esq., Plaintiff's counsel, has been practicing law for over thirty-five (35) years and engaged with consumer law—a very specialized field—for over fifteen (15) years. Mr. Wulz has attended numerous annual litigation conferences hosted by the National Consumer Law Center (typically attended by 600-700 attorneys from the United States), and has been recognized as well-qualified in having acted as a speaker at those conferences. Mr. Wulz bills at a rate of $450, which is very reasonable considering the market rates in Las Vegas, Nevada, his years of experience, and his expertise. Sophia Romero, Esq., has been practicing consumer law at Legal Aid Center of Southern Nevada, Inc., for 6 years and bills at a rate of $300.00 per hour. *See:* Exhibit No. 1.

Mitchell D. Gliner, Esq., is an experienced litigation attorney, having spent over 15 years working as a Line Officer and Judge Advocate for the United States Marine Corps. Additionally, Mr. Gliner has lectured, locally and nationally, on both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act; Mr. Gliner provides support for attorneys new to these areas. Mr. Gliner bills at a rate of $500, and has been awarded such rate in previous cases. Mr. Gliner's rate is very reasonable considering his years of experience, his expertise, and the market rates in Las Vegas, Nevada. *See*: Exhibit No. 2.

Daniel A. Edelman, Esq., is an experienced class action litigation attorney with 41 years of experience, with significant consumer protection class action litigation experience, including Fair Debt Collection Practices Act cases. He is a published author. He has acted as counsel in

leading, published class action consumer protection cases for decades.  His hourly rate of $700 has been approved as reasonable by various courts as shown in orders attached to his Declaration.

### 3. The *Kerr* Factors are Not Needed to Enhance or Reduce the Award for Fees

"There is a strong presumption that the lodestar amount represents an adequate fee award." *Rodriguez*, 2012 WL 5207545 at *4 (citing *Hensley v. Eckhart*, 461 U.S. 424 (1983)). The Court should find that the above hourly rates and number of hours are reasonable. Therefore, there is no need to consider the *Kerr* factors.

## V. CONCLUSION

For the foregoing reasons, Plaintiff and Intervenor respectfully request that the Court approve payment of $25,000 in attorney's fees and costs to Class Counsel, and approve payment of $12,550 in attorney's fees and costs to Legal Aid Center of Southern Nevada, Inc. in the associated litigation, *Garcia v. Autovest, LLC*, Case No. A-16-736936-A.

DATED this _5th_ day of September, 2017.

**LEGAL AID CENTER OF**
**SOUTHERN NEVADA, INC.**


   /s/ Dan L. Wulz
DAN L. WULZ, ESQ.
Nevada Bar No. 5557
SOPHIA A. MEDINA, ESQ.
Nevada Bar No. 12446
725 E. Charleston Blvd.
Las Vegas, Nevada 89104
Telephone: (702) 386-1453
Facsimile: (702) 386-1453
smedina@lacsn.org

MITCHELL D. GLINER, ESQ.
Nevada Bar No.: 3419
**LAW OFFICES OF**

**MITCHELL D. GLINER**
3017 W. Charleston Blvd., #95
Las Vegas, Nevada 89102
Telephone: (702) 870-8700
Facsimile: (702) 870-0034
mgliner@glinerlaw.com

DANIEL A. EDLEMAN, ESQ.
Illinois Bar No.: 0712094
**EDELMAN, COMBS**
**LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 491-0379 (Fax)
dedelman@edcombs.com
www.edcombs.com

*Attorneys for Class*

12